UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-30674

LARRY W. SMITH,

Plaintiff-Appellant,

v.

LIBBEY GLASS, A DIVISION OF OWENS-ILLINOIS; ET AL.;

Defendants,

LIBBEY INC.,

Defendant-Appellee,

Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-1937)

January 13, 2000

Before KING, Chief Judge, and DUHÉ and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Larry Smith filed the present action against Libbey Inc. ("Libbey") seeking declaratory, injunctive, and monetary relief for alleged racial discrimination and retaliation in violation of Title VII, 42 U.S.C. §§ 2000e-2, 2000e-3.[1] Following trial, the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Smith also asserted claims under 42 U.S.C. § 1981 and La. Rev. Stat. §§ 23:1006, 51:2231, 51:2242, 51:2256, 51:2264. The applicable burden of proof for these statutes is equivalent to the plaintiff's burden under Title VII. See, e.g., Lawrence v. University of Texas Med. Branch, 163 F.3d 309, 311 (5th Cir. 1999) (Section 1981); Plummer v. Marriott Corp., 654 So. 2d 843, 848 (La.

court entered a judgment adverse to Smith on partial findings pursuant to Fed. R. Civ. P. 52(c). Finding no error, we affirm.[2]

Smith was employed by Libbey in 1980 as a bench machinist. In this position, Smith used small hand tools to grind and polish molds. Prior to his employment, Smith had been certified as a machine operator. Machine operators operate machining equipment. Neither operators nor bench machinists are capable of programming machining equipment to make parts from a blueprint. This is the work of machinists -- a position requiring specialized training, experience, and skills.

In order to become a machinist at Libbey, an individual may train through an apprenticeship program or, if the applicant has at least five years experience as a machinist, he may test into the position. The machinist test required an applicant to read a blueprint and then program a machine to construct a metal part. During Smith's tenure with Libbey, no apprenticeship classes were started. Thus, the only way Smith could have become a machinist at Libbey was through successful completion of the machinist test.

In 1988, Smith and four white bench machinists filed a union grievance requesting that Libbey recognize the workers as machinists. The grievance was settled when Libbey agreed to give the five employees the machinist test. Smith was the only employee

Ct. App. 1995) (Louisiana discrimination statutes).

[2]     When reviewing a judgment on partial findings, this court examines the factual component of the judgment, and all inferences drawn therefrom, for clear error. See Downey v. Denton County, Texas, 119 F.3d 381, 385 (5th Cir. 1997). Questions of law are reviewed de novo. See id.

involved in the grievance who actually sought to take the machinist test.

Smith alleges that following the grievance settlement Libbey refused to give him the test, did not allow him to practice on the machining equipment, and generally engaged in a protracted course of racial discrimination. This pattern of discriminatory conduct allegedly began in 1988. Smith did not file an EEOC charge covering the discriminatory conduct until November 17, 1995, however.[3] In his EEOC charge, Smith challenged Libbey's failure to promote him to machinist, its refusal to test him for the machinist position, and its denial of his admission to a training class.

At trial, the district court refused to consider Smith's racially hostile work environment allegations because Smith's EEOC charge and district court complaint had not raised the issue. The district court also rejected Smith's attempt to amend his complaint, within four days of trial and over a year after the cutoff date for amendments, to assert a hostile work environment claim. Neither decision was erroneous. Smith did not allege a hostile work environment in his EEOC charge, and the allegations contained therein would not reasonably lead to a hostile work environment investigation. Accordingly, Smith was precluded from pursuing this administratively unexhausted claim,[4] and the district

---

[3] In 1988, Libbey fired Smith for practicing on machining equipment during working hours. Smith filed an EEOC complaint protesting his discharge. Libbey settled this claim by reinstating Smith and expunging the dismissal from company records.

[4] See Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466-67 (5th Cir. 1970).

court did not abuse its discretion by denying Smith's amendment.[5]

Without a valid hostile work environment claim, Smith could not allege a continuing violation of Title VII. See Huckabay v. Moore, 142 F.3d 233, 238-39 (5th Cir. 1998). Smith was well aware of and often exercised his rights, both within the union grievance procedure and under Title VII. He asserted failures to promote and retaliation, discrete occurrences that do not form the basis of a continuing violation claim. See id. at 239. As a result, Smith was foreclosed from pursuing his failure to promote claims unless they arose in the 300-day period before the filing of his EEOC charge. See Webb v. Cardiothoracic Surgery Assocs., 139 F.3d 532, 537 (5th Cir. 1998); see also 42 U.S.C. § 2000e-5(e)(1). The Title VII limitations period precludes his prosecution of claims based on several acts forming the basis of this suit, including his claim that Libbey denied him admission to training classes.

Two occasions on which Smith alleges he was denied a promotion are not time-barred. Once in 1995 and again in 1996, Smith applied for a machinist position. In 1995, Smith refused to take the machinist test when informed that the test was a "one-shot deal" -- i.e., he would only be given one opportunity to take the exam. In 1996, Smith refused to take the test because it was a "one-shot deal" and because the company initially would only permit him three days of practice on the machining equipment. When the

---

[5] See PYCA Indus., Inc. v. Harrison County Waste Water Management Dist., 81 F.3d 1412, 1420 (5th Cir. 1996).

**4**

company increased Smith's practice time to seven days, Smith still refused to take the exam. On this record, Smith cannot argue that Libbey discriminatorily refused to permit him to sit for the machinist test.

The district court correctly concluded that Smith was not qualified for the machinist position. To make out a failure to promote claim, Smith must prove that he was qualified for the position he sought. See Gonzalez v. Carlin, 907 F.2d 573, 578 (5th Cir. 1990). Not only had Smith refused to take the machinist exam -- a necessary prerequisite to the promotion -- but Smith also failed a prior mold inspector exam that tested his ability to read blueprints. The postings for which Smith applied clearly stated that an applicant must be able to read blueprints to qualify for the position. Smith's argument that he was hired as a "machinist" and, thus, was presumptively qualified for the position is unconvincing. The bench machinist position and the machinist position clearly required different qualifications, and just as clearly, reading blueprints was essential.

Smith has failed to show that the trial court clearly erred. Smith's inability to establish his qualification for the sought-after position not only undermines his failure to promote claim, but it also prevents his retaliation claim from succeeding. See Gonzalez, 907 F.2d at 578.

**AFFIRMED.**